AO 91 (Rev. 08/09)  Criminal Complaint

*FILED*

# UNITED STATES DISTRICT COURT
for the

Northern District of Oklahoma

JUL 27 2021

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 21-mj-529-CDL |
| | ) | |
| CAMERON KELLY MCABEE | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____July 24, 2021 to July 26, 2021____ in the county of ____Tulsa____ in the
Northern District of Oklahoma, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 USC 2251(b) | Sexual Exploitation of a Child by a Parent |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Brian S. Dean
*Printed name and title*

Sworn to ~~before me and signed in my presence.~~ by telephone

Date: July 27, 2021

_____
*Judge's signature*

City and state: ____Tulsa, OK____

Chris M Lufter
United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF OKLAHOMA

## AFFIDAVIT IN SUPPORT OF A COMPLAINT AND ARREST WARRANT

I, Brian S. Dean, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent of the Federal Bureau of Investigation (FBI) assigned to the Oklahoma Safe Trails Task Force based in Tulsa, OK.  As a Special Agent, my duties include investigating violations of federal criminal law and threats to national security.  In addition to formalized training, I have received extensive training through my involvement in numerous investigations working alongside experienced law enforcement officers at both the federal and local level.  My investigations include, but are not limited to, drug and gang violations, violent crimes, Indian Country violations, counterterrorism, computer intrusion, and crimes against children.

2.      The facts and circumstances of this investigation set forth in this affidavit are based on my personal observations, knowledge obtained from other law enforcement officers, my review of documents related to this investigation, conversations with others who have personal knowledge of the circumstances described herein, and a review of open-source information.  This affidavit is submitted for the limited purpose of establishing probable cause for the requested warrant, and therefore does include every fact I have learned during the course of this investigation.

3.      Based on my training, research, experience, and the facts as set forth in this affidavit, there is probable cause to believe that CAMERON KELLY MCABEE (DOB: XX-XX-1990; SSN: XXX-XX-2633) has violated:

1

- 18 U.S.C. § 2251(b)
  - Sexual Exploitation of a Child by Parent or Guardian

18 U.S.C. 2251 provides in pertinent part:

- (b) Any parent, legal guardian, or person having custody or control of a minor who knowingly permits such minor to engage in, or to assist any other person to engage in, sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

It is therefore respectfully requested this Court issue a complaint and arrest warrant for

CAMERON KELLEY MCABEE.

## DEFINITIONS

4.    The term "child pornography," as defined in 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where

a.   the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

b.   such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

c.   such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct

5.    The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

2

6.     The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

7.     The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

8.     The terms "records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

## BACKGROUND ON KIK INTERACTIVE, INC

9.     Kik Messenger ("Kik") is an instant messaging application for mobile devices and a facility of interstate and foreign commerce. The application is available on most iOS, Android, and Windows phone operating systems free of charge. Kik uses a smartphone's data plan or Wi-Fi to transmit and receive messages. Kik allows users to share photographs, sketches, mobile web-pages, linked internet files and other content.

10.     Kik subscribers obtain an account by registering with Kik. During the registration process, Kik asks subscribers to provide basic personal information and to select a username. During this process, Kik registers the date, time, internet protocol (IP) address and device related information. The username is the only unique identifier used by Kik. According to the Kik Law Enforcement Guide, a Kik username is unique, can never be replicated and can never be changed.

## INVESTIGATIVE BACKGROUND

11.     On or about July 24, 2021, an FBI Online Covert Employee (OCE) had access to a Kik group that contained a user with a unique display name and username, referred to herein as DISPLAY NAME 1 and USERNAME 1. The operator the account associated with DISPLAY NAME 1 and USERNAME 1 posted an image into the group containing child sexual abuse material (CSAM).  The OCE reviewed the image posted by USERNAME 1 and determined the image depicted the sexual exploitation of a minor[1] as defined by federal law.  Specifically, on or about July 24, 2021, USERNAME 1 posted an image depicting a nude, prepubescent[2] minor female who appeared to be lying down on white colored sheet and pink colored blanket.  The minor female's vagina was visible to the camera, but the minor's face was not visible. Furthermore, the image appeared to be a "live" image taken just prior to the image being posted in the group.

12.     Based on the OCE's knowledge, training, and experience, the OCE knows that when a Kik user sends a "live" image, the word "Camera" is displayed below the image thus

---

[1] 18 U.S.C. § 2252 prohibits certain acts, such as possession and distribution, of visual depictions of a minor, that is, a person under the age of 18, engaged in sexually explicit conduct. 18 U.S.C. § 2256(2)(A) defines explicit conduct," and includes sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the generals or pubic area.
[2] Descriptions of persons as "prepubescent" in this affidavit are based on law enforcement's visual assessment of the person(s) depicted in the material, including their training and experience and looking for visual indicators such as sexual development, body size, and pubic hair.

4

identifying that the image was taken with the camera of the device from within the Kik application. In other situations, Kik users can choose to send images that are already stored on their device instead of taking a "live" image, and these types of images will not display the word "Camera" below the image. Additionally, the OCE knows Kik users often send these "live" images to verify that the images were taken in the moments prior to the image being sent. Based on this information, the OCE believes the Kik user USERNAME 1 captured the image of the prepubescent minor female using his device just prior to posting the image therefore showing that he had access to the minor female child.

13.     Additionally, on or about July 24, 2021, USERNAME 1 posted two other images of a different nude female into the group. The female's face is not visible and the OCE could not determine the age of the female. The female appeared to have a tattoo under one of her breasts that read "never give up".

14.     Prior to the posts on or about July 24, 2021, the OCE had communicated with USERNAME 1 via Kik private messages (PMs) from on or about July 13, 2021, through on or about July 26, 2021. The Kik user USERNAME 1 was an administrator of a Kik group and requested the OCE verify with him to remain in the group. The OCE verified with USERNAME 1 and then began communicating with him via Kik PMs.

15.     On or about July 13, 2021, the Kik user USERNAME 1 sent the OCE an image of a minor female who he purported to be his 4-year-old daughter. The image depicted a prepubescent minor female wearing a dark colored shirt, light colored shorts, and boots with sparkles. The minor female was also holding onto a small dog with her arm.

16.     On or about July 26, 2021, the FBI obtained subscriber identification records from Kik for the username USERNAME 1 Kik's response included the following:

(A) First Name: DISPLAY NAME 1

(B) Last Name: DISPLAY NAME 1

(C) Email: USERNAME 1@gmail.com

(D) Username: USERNAME 1

(E) In addition to the subscriber information, Kik provided information related to the type of device USERNAME 1 used to access the account, which was an Apple iPhone.

17.    Furthermore, the Kik records identified the IP addresses which were used to access the account from June 26, 2021, through July 26, 2021. A review of the IP address logs revealed hundreds of logins to the account from the IP Address 98.184.137.236 ("Subject IP Address") during the aforementioned dates.

18.    Through open-source research, the FBI determined that the Subject IP Address resolved to the internet service provider Cox Communications, Inc. ("Cox"). In response to an emergency disclosure request, Cox provided subscriber records and IP lease history for the Subject IP Address, which listed the below information:

(A) Name: Coutney Mcabee

(B) Address:  2412 W Vicksburg St Broken Arrow, OK 74011

(C) Home Phone: 918-704-7436

(D) Work Phone: 918-232-8772

(E) Lease Records:

    i.   Start (GMT): 2021-06-04 20:55:30

    ii.  End (GMT): 2021-07-27 11:38:22

19.    Through a search of law enforcement databases, the FBI identified that an individual named COURTNEY ELIZABETH MCABEE (COURTNEY), with date of birth 9/1/1993, was associated with the address 2412 W Vicksburg St Broken Arrow, OK 74011. In

addition to COURTNEY, the FBI also identified CAMERON KELLY MCABEE (CAMERON), date of birth 1/2/1990, as being associated with the residence

20.     Additional open-source research identified a Facebook account associated with COURTNEY. Through a review of the Facebook account, Agents identified a picture of a prepubescent minor female who appeared to match the description of the minor female in the image received by the OCE from the Kik user USERNAME 1.

21.     On July 26, 2021, the Broken Arrow Police Department provided current utility billing records for the residence located at 2412 W. Vicksburg St., Broken Arrow, OK. The name on the utility account was COURTNEY. Oklahoma State Court Network (OSCN) records also indicated COURTNEY had filed for divorce from CAMERON back in 2019. The petition for dissolution of marriage indicated the couple shared a minor child born in February 2018.

22.     On July 26, 2021, Agents executed federal search warrant 21-MJ-524-SH, signed in the Northern District of Oklahoma, at CAMERON and COURTNEY's residence located at 2412 W. Vicksburg St., Broken Arrow, OK. Law enforcement officers affected a probable cause arrest of CAMERON KELLY MCABEE and subsequently transported him to the Broken Arrow Police Department to be interviewed. During a post-Miranda interview which was audio recorded, CAMERON made several incriminating statements, including but not limited to:

- o   CAMERON confirmed he was active on Kik and had been for approximately two years. He said his username was USERNAME 1, his display name was DISPLAY NAME 1, and he was in an administrative role for multiple chat groups, to include one specifically designed for the sharing of images and videos of the alleged daughters of the group members.

- o   CAMERON said as a member of this group, he had traded numerous images which would constitute as child pornography, to include images of his three-year-old daughter. Specifically CAMERON admitted to taking the nude photo of his daughter which he shared with the OCE in her bedroom, which is located within the Northern District of Oklahoma.

7

o CAMERON said he used his Apple Iphone, black in color, to access his Kik account, take and share photographs, and store his collection of images constituting as child pornography.

## CONCLUSION

23.     Based on the above aforementioned facts and circumstances, there is probable

cause to believe CAMERON KELLY MCABEE (DOB: XX-XX-1990; SSN: XXX-XX-2633)

has violated:

- - 18 U.S.C. § 2251(b)
  - - Sexual Exploitation of a Child by Parent or Guardian

It is therefore respectfully requested this Court issue a complaint and arrest warrant for

CAMERON KELLY MCABEE.


Respectfully Submitted,


Brian S. Dean
Special Agent
Federal Bureau of Investigation


SUBSCRIBED TO AND SWORN TO ~~before me~~ by telephone this 27th day of July 2021


Honorable Christine O Little
U-S Magistrate Judge

8